Case 4:24-cr-00596   Document 1   Filed on 11/20/24 in TXSD   Page 1 of 5

Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED
November 20, 2024
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Criminal No. **4:24-cr-00596** |
| § | |
| JAYSHA VICTORIAN, § | |
| § | |
| Defendant. § | |

# INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

## Overview of Defendant's Fraudulent Scheme

1. Defendant JAYSHA VICTORIAN ("VICTORIAN") was a resident of Houston, Texas. From on or about October 2020 to February 2021, VICTORIAN was employed by Victim Company A. Victim Company A was a contractor for Victim Bank B.

2. Victim Bank B served as the issuing financial institution for unemployment debit cards for multiple state unemployment systems. Some states issue unemployment payments in the form of a debit card. California's payments are issued via the California Employment Development Department ("California EDD").

3. As part of its duties, Victim Bank B had a role in managing and processing transactions made with these debit cards. Victim Bank B also conducted fraud prevention or mitigation activities regarding these cards. Victim Bank B was and is insured by the Federal Deposit Insurance Corporation and has locations throughout the country, including in the Southern District of Texas. Victim Bank B is headquartered in North Carolina.

4. Victim Bank B outsourced some of these duties regarding unemployment debit cards to other companies, one of which was Victim Company A.

5. Through her access to the financial and recordkeeping systems of both companies, VICTORIAN was able to fraudulently credit the accounts for prepaid cardholders when she knew that no such credits were warranted. As a result, VICTORIAN was able to fraudulently load those prepaid debit cards with money to which the cardholders were not entitled, enabling cardholders to withdraw funds from bank branches and ATMs before the credited money could be rescinded.

6. In the span of just a few weeks in January 2021, VICTORIAN processed hundreds of fraudulent transactions and requested credits for dozens of cardholders who she knew were not entitled to these credits. The total value of these credits exceeded $8 million, and at least $7 million in funds were withdrawn or used.

## **COUNT ONE – CONSPIRACY TO COMMIT WIRE FRAUD**
## **(18 U.S.C. § 371)**

7. Paragraphs 1 through 6 are incorporated by reference.

8. Beginning at least as early as on or about January 6, 2021 and continuing through January 22, 2021, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

## **JAYSHA VICTORIAN**

did knowingly combine, conspire, confederate and agree with others known and unknown to commit the following offense against the United States:

> To devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing said scheme and artifice to defraud, transmit (or cause to be transmitted) by means of wire and radio communication in interstate commerce, a writing, sign, signal, picture and sound in violation of Title

18, United States Code, Section 1343.

### A. The Objective of the Conspiracy

9. The objective of the conspiracy was to steal money by having VICTORIAN fraudulently credit the accounts of prepaid cardholders managed by Victim Bank B with money, knowing then and there that no such credits were warranted, and to have the money withdrawn before the credited money could be rescinded.

### B. The Manner and Means of the Conspiracy

10. To achieve their objective, the conspirators, both known and unknown to the Grand Jury, used the following manner and means:

   a. VICTORIAN accessed prepaid debit card accounts for the California EDD program and fraudulently adjusted these accounts to credit them with money, thereby materially misrepresenting to Victim Bank B that that such a credit adjustment was warranted and due to the cardholder. In transferring the money at Victim Bank B to add credits to these accounts, VICTORIAN caused an interstate wire transfer to be made.

   b. The money that Defendant credited to these accounts was withdrawn or used by VICTORIAN and other persons known and unknown to the grand jury, often via cash transactions at ATMs or bank branches.

### C. Overt Acts in Furtherance of the Conspiracy

11. To further the conspiracy and accomplish its objectives, the conspirators, working with themselves and others known and unknown, knowingly committed (and/or caused others to commit) the following overt acts, and others, in the Southern District of Texas and elsewhere:

   On or about January 9, 2021, VICTORIAN accessed a certain prepaid card account and fraudulently credited it with $25,000.00, thereby materially misrepresenting to Victim Company B that such a credit adjustment was warranted and due to the cardholder.

All in violation of Title 18, United States Code, Section 371.

3

### COUNT TWO – WIRE FRAUD
### (18 U.S.C. § 1343 and 18 U.S.C. § 2)

12. Paragraphs 1 through 11 are incorporated by reference.

13. On or about the date listed below, in the Southern District of Texas and elsewhere, the defendant,

## JAYSHA VICTORIAN

did knowingly devise and attempt to device a scheme and artifice to defraud Victim Company A and Victim Bank B by means of materially false and fraudulent pretenses and representations. Specifically, VICTORIAN knowingly caused to be transmitted by means of wire communications in and affecting interstate commerce, the following writings, signals, and sounds:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| 1 | Jan. 9, 2021 | A fraudulent request for a $25,000 credit adjustment to be applied to a prepaid debit card account in the name of M.B. |

All in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

### NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice that upon Defendant's conviction of wire fraud or a conspiracy to commit such offense, as charged in this Indictment, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

### MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States gives notice that it will seek a money judgment against the Defendant.

In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

**A TRUE BILL**

Original Signature on File
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By: *Brad R. Gray*
BRAD R. GRAY
KAREN M. LANSDEN
Assistant United States Attorneys
Southern District of Texas